**FILED**
**Feb 11, 2020**
**11:41 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| MATTHEW KINSLER,<br>　　　　Employee, | ) | Docket No.  2017-02-0591 |
| v. | ) | |
| ROGERS DEVELOPMENT and<br>WILLIAMS CONSTRUCTION,<br>　　　　Employers, | ) | State File No.  78125-2017 |
| and | ) | |
| BUILDERS MUTUAL INSURANCE,<br>　　　　Carrier. | ) | Judge Brian K. Addington |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court conducted an Expedited Hearing on February 6, 2020, on the issue of whether Mr. Kinsler is entitled to a panel of physicians for a September 8, 2017 injury to his scrotum and testes. The Court holds he presented sufficient evidence that he is likely to prevail at trial and is entitled to a panel or urologists.

### Claim History

Mr. Kinsler fell approximately ten feet through a floor onto a concrete slab. He reported the accident to his uninsured employer, Williams Construction. His employer tried to get him to walk off the pain and relax over the following days, but Mr. Kinsler eventually went to the emergency room on September 10. There he complained of many symptoms including pain in his scrotum. The physicians informed him that he fractured his spine at L-1, ordered a brace, and released him. Mr. Kinsler returned to the emergency room on September 14 with pain and swelling in his legs and testes. The providers performed an ultrasound of his testes but found no abnormalities.

Through the two emergency room visits, Mr. Kinsler treated on his own, but then the general contractor, Rogers Development, accepted his claim for workers' compensation benefits. Since the injury, he continued to experience swelling and a pulling in his testes. His authorized back doctor, Richard Duncan, M.D., heard Mr.

1

Kinsler's complaints and made a urological referral at his request, but Dr. Duncan could not state whether the need for the referral primarily related to Mr. Kinsler's work-accident.

Although Mr. Kinsler does not suffer constant pain or swelling, he wishes to have the condition evaluated, and his attorney requested the issue be included on the Dispute Certification Notice from July 2018. On the other hand, Rogers Development refuses to provide treatment because Mr. Kinsler has not always requested it and has not presented any expert medical evidence that his condition is work-related.

## Findings of Fact and Conclusions of Law

Mr. Kinsler must present sufficient evidence establishing that he is likely to prove at trial that he is entitled to the requested workers' compensation benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). An employer is obligated to provide medical benefits made reasonably necessary by the accident. Tenn. Code Ann. § 50-6-204(a)(1)(A).

The evidence establishes that the first and second time Mr. Kinsler sought medical treatment after his injury, he complained about pain in his scrotum and testes. However, Rogers Development has not provided any treatment for this concern, even though Mr. Kinsler at times requested it. He also requested a referral to a specialist from Dr. Duncan.[1]

Although Mr. Kinsler has not constantly complained of or demanded treatment for his testicular pain, the Court cannot find anything in the Worker's Compensation Law that requires an employee to constantly suffer pain and demand treatment before an employer is obligated to provide necessary and reasonable medical treatment.

Considering Mr. Kinsler complained of scrotum and testes pain soon after the incident and testified that he continues to experience intermittent pain and pulling, and because no medical opinion addressed the issue, the Court finds he would likely succeed at trial as to whether Rogers Development should provide him a panel of physicians.

The Court holds that Rogers Development shall provide Mr. Kinsler a panel of urologists and set an appointment for evaluation and treatment that the physician determines is reasonable and necessary due to his accident.

---

[1] The Court finds Dr. Duncan's opinion unpersuasive because he is not a urologist and he cannot state whether the need for treatment is related to the injury.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Mr. Kinsler's request for medical treatment is granted. Rogers Development shall provide him a panel of urologists and set an appointment for evaluation and treatment that the physician determines is reasonable and necessary due to his accident.

2. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED February 11, 2020.**

/S/ BRIAN K. ADDINGTON
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

**Exhibits:**

1. Affidavit of Matthew Kinsler
2. First Report of Injury
3. Wage Statement
4. Time Sheet
5. Employee's Choice of Physician Form
6. Medical Records of Dr. Richard Duncan
7. Final Medical Report
8. (Col.) Medical Records
    A. Dr. Richard Duncan
    B. Dr. Richard Duncan Questionnaire response
    C. Indian Path Medical Center
9. (Col.) Records
    A. Recorded Audio Statement

B. Deposition Transcript
C. Physician Panel (10/30/2018)
D. Physician Panel (11/21/2018)
E. Employee's Responses to Interrogatories
F. Employer's Responses to Requests for Production
G. Dispute Certification Notice
H. Settlement Check
I. Wage Statement
J. Request for Expedited Hearing and Affidavit
K. Original and Amended PBD
L. All medical Records filed by Employer
M. Request for Medical Releases

10. Counsel and Carrier notes
11. Matthew Kinsler's Deposition Transcript
12. Nurse Case Manager Notes
13. Dr. Richard Duncan Questionnaire Response
14. (Col.) Photos

## Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Employer's Notice of Filing of Medical Records for Expedited Hearing
4. Employer's Tenn. Comp. Rules and Regs. Submission
5. Employee's Pre-Expedited Hearing Submission
6. Employee's Witness and Exhibit List
7. Employee's Amended Pre-Expedited Hearing Submission
8. Employee's Amended Witness and Exhibit Lists
9. Employer's Reply to Employee's Amended Expedited Hearing Submission

# CERTIFICATE OF SERVICE

I certify that copy of this order was sent on February 11, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
| --- | --- | --- | --- | --- |
| Charlton DeVault, Employee's Attorney | | | X | crdevault@charter.net |
| Meredith Weaver, Employer's Attorney | | | X | meredith.weaver@petersonwhite.com |
| Williams Construction | X | | | 400 Elm Street Mt. Carmel, TN 37645 |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

5



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*